
**FILED**
**OCTOBER 22, 2009**
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MICHAEL BRACEWELL, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:09-CV-0259 |
| | § | |
| RICK THALER, | § | |
| Director, Texas Dep't of Criminal Justice | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

# REPORT AND RECOMMENDATION TO DENY
# PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner has filed with this Court a petition for a writ of habeas corpus challenging a July 24, 2009 prison disciplinary proceeding which resulted in the loss of twenty-eight days of previously earned good time credits. The disciplinary proceeding took place at the Roach Unit in Childress County, Texas. As of the date the instant habeas application was filed, petitioner was incarcerated in the Clements Unit in Potter County, Texas.

In order to challenge a prison disciplinary adjudication by way of a federal petition for a writ of habeas corpus, a petitioner must, at a minimum, be eligible for mandatory supervised release and have received a punishment sanction which included forfeiture of previously accrued good time credits. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). In his habeas application, petitioner advises he is in respondent's custody pursuant to an August 18, 2004 conviction for the second-degree felony offense of aggravated assault out of Travis County, Texas, and the resulting six-year sentence.

In his habeas application, petitioner acknowledges his conviction contained a deadly weapon finding and that he is not eligible for mandatory supervised release. Petitioner is correct—his second degree conviction for aggravated assault with a deadly weapon renders him ineligible for mandatory supervised release. *See* Tex. Gov't Code § 508.149(a)(7). Therefore, even though petitioner lost previously earned good-time credit as a result of the disciplinary proceeding, he cannot challenge the adjudication by way of a federal petition for writ of habeas corpus because he is ineligible for mandatory supervised release. *See Malchi*, 211 F.3d at 958.

## RECOMMENDATION

It is the RECOMMENDATION of the undersigned United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner MICHAEL BRACEWELL be DENIED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 22nd day of October, 2009.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).